# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **TRAVIS JAMAL LEDEE** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 11-34-RET-DLD** |
| **STATE OF LOUISIANA THROUGH THE LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, ELAYN HUNT CORRECTIONAL CENTER** | |

## MAGISTRATE JUDGE'S REPORT

This matter is before the court on plaintiff's motion to remand (rec. doc. 4), which is opposed and has been referred to the undersigned for a report and recommendation (rec. doc. 9).

Plaintiff Travis Jamal Ledee was an inmate at the Elayn Hunt Correctional Center at the time the events giving rise to his claims arose. Plaintiff claims that he was injured when a cable failed, causing him to fall from a ladder while he was performing fence repairs at the prison. Plaintiff clearly alleges state tort claims against defendant State of Louisiana through the Department of Public Safety and Corrections (DOC) and the Elayn Hunt Correctional Center.[1] In paragraph 19 of his petition, he alleges additional claims as follows:

> In the alternative and out of an abundance of caution, the Plaintiff here asserts a violation of his 8th Amendment right to be free from cruel and unusual punishment pursuant to 42 U.S.C. §1983. By refusing medical treatment and/or to provide

---

[1] Plaintiff names as defendant the "**State of Louisiana**, through **the Department of Public Safety and Corrections (DOC)**, pursuant to La. R.S. 36:401, a statutorily created and established body corporate having to power to sue and be sued, the domicile of which is the Parish of East Baton Rouge in the State of Louisiana, which is the governing authority over the ELAYN HUNT CORRECTIONAL CENTER (EHCC) . . ." (rec. doc. 1-1, ¶4).

> adequate treatment and access to medical facilities, Defendant(s) exceeded constitutional limitations that erose[sic] under circumstances that constitute a usual and recurring situation with which prison officials/guard must deal. Failure and lengthy delays in medical treatment demonstrates a deliberate indifference on the part of the employer toward inmates and there is a direct causal link between the constitutional deprivation and the suffering of the Plaintiff herein.

(rec. doc. 1-1).

Additionally, plaintiff seeks attorney fees and costs "pursuant to 42 U.S.C. §1988 and punitive damages pursuant to 28 [sic] U.S.C. §1983 *et seq.*" Id. at ¶ 20.

Plaintiff argues that this matter should be returned to state court because his case arises solely under state law and that he pled a federal claim only "out of an abundance of caution" and only if it becomes ripe "when and if the State files its answer and avers as an affirmative defense 'failure to mitigate damages.'" (rec. doc. 12)

**Law and Discussion**

Whether a case is removable upon the basis of federal question jurisdiction is to be determined by the allegations of plaintiff's well-pleaded complaint as of the time of removal. *See, e.g., Avitts v. Amoco Production Co.*, 53 F.3d 690, 693 (5th Cir. 1995). Plaintiff is master of his complaint. *Id.* Accordingly, if both federal and state remedies are available on a given set of facts, there will be no basis for removal on federal question jurisdiction if plaintiff elects in the state court petition to proceed *exclusively* under state law and does not specifically raise a federal claim. *Id.*

Pleading in the alternative is not an example of proceeding exclusively under state law, and plaintiff's protests in his motion that he did not mean to allege a federal claim unless the defendant answered with an affirmative defense does not change the clear wording of his petition. Here, plaintiff did not elect to proceed exclusively under state law,

but rather specifically and expressly invoked federal law. The references to section 1983 are not mere surplusage, nor has plaintiff referenced federal standards that merely pertain to wholly state law claims. Plaintiff clearly has raised an issue of federal law; therefore, there is federal question subject matter jurisdiction over this case, and plaintiff's motion to remand should be denied.[2] Accordingly,

**IT IS RECOMMENDED** that plaintiff's motion to remand (rec. doc. 4) should be **DENIED**.

Signed in Baton Rouge, Louisiana, on April 12, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[2] A motion to dismiss plaintiff's federal claims is pending before the district judge (rec. doc. 7). If the district judge finds that plaintiff failed to properly plead his federal claims, resulting in dismissal of the federal claims and leaving only state law claims, the district judge has the discretion to decline to exercise jurisdiction over plaintiff's state law claims under 28 U.S.C. §1367(c)(3) and to remand the state law claims.

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **TRAVIS JAMAL LEDEE** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 11-34-RET-DLD** |
| **STATE OF LOUISIANA THROUGH THE LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, ELAYN HUNT CORRECTIONAL CENTER** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 (fourteen) days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on April 12, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**