**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

TRAVIS JAMAL LEDEE                    CIVIL ACTION

VERSUS                               NUMBER:   3:11-cv-00034

STATE OF LOUISIANA THROUGH           SECTION:  "B"
LOUISIANA DEPARTMENT OF PUBLIC
SAFETY AND CORRECTIONS, ELYAN HUNT
CORRECTIONAL CENTER

## ORDER AND REASONS

Before   the   Court   are   Defendant   State   of   Louisiana's
("Defendant") Motion to Dismiss Original Petition for Damages as to
any Federal Claim Under the Civil Rights Act Pursuant to Fed. R.
Civ. P. 12(b)(1) and (6)(Rec. Doc. No. 7), Plaintiff Travis Jamal
LeDee's ("Plaintiff") Motion for Partial Summary Judgment (Rec.
Doc. No. 15), and Defendant's Second Motion to Dismiss Original
Petition for Damages Pursuant to Fed. R. Civ. P. 12(b)(4) and (5)
and Rule 4(m) (Rec. Doc. No. 16). Accordingly, and for the reasons
articulated below,

**IT IS ORDERED** that Defendant's Motion to Dismiss Original
Petition for Damages be **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Partial
Summary Judgment be **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Second Motion to
Dismiss Original Petition for Damages be **DENIED.**[1]

## PROCEDURAL HISTORY

---

[1] We are grateful for the work on this case by Elizabeth
Etherton, a Tulane Law School extern with our chambers.

Plaintiff, DOC # 558669, was an inmate at Elayn Hunt Correction Center[2] ("EHCC"), run by the Louisiana Department of Public Safety and Corrections ("DPS&C"), for all relevant times at issue in this case. (Rec. Doc. No. 1-1 at 1, ¶ 1). On July 20, 2010, Plaintiff was working at EHCC, doing fence repair on the prison grounds. *Id.* at 2. During the course of this fence work, Plaintiff alleges that the "cable popped" and he fell five feet[3] to the ground, causing him "serious back injury." *Id.* at 2. Plaintiff allegedly reported that he was "stunned" and suffered from "headaches, neck pain and low back pains" after his fall. (Rec. Doc. No. 21 at 3).

In his Petition for Damages (Rec. Doc. No. 1-1) Plaintiff claims that his injuries were made more severe due to the failure of prison personnel "to provide adequate and timely treatment." (Rec. Doc. No. 1-1 at 3, ¶ 12). Specifically, Plaintiff alleges that he made "repeated requests to be seen by a back specialist" during his tenure at EHCC and that prison officials denied his

---

[2]While the caption spells the name of EHCC as "Elyan Hunt Correctional Facility," for the purposes of this memorandum, it will be spelled properly as "Elayn Hunt Correctional Facility."

[3] In a sworn affidavit attached to the Motion for Partial Summary Judgment, Plaintiff claims that he "fell 5-6 feet" from the ladder. (Rec. Doc. No. 15-3 at 1). Plaintiff's eyewitness, Jimmy Riley, DOC # 103493, provided no guidance as to how far off the ground Plaintiff was at the time of the incident. (Rec. Doc. No. 15-4 at 1).

requests. *Id.* at 3, ¶ 13.[4] He asserts that he still suffers pain from the injury. *Id.* at 4.

Originally, suit was filed in the 18th Judicial District Court for the Parish of Iberville, on December 15, 2010. (Rec. Doc. No. 1 at 1). On January 20, 2011, that action was removed from state court to the Middle District of Louisiana by Defendant. (Rec. Doc. No. 1). Plaintiff's cause of action, in part, alleged relief on the basis of a violation of 42 U.S.C. § 1983, as a result of an alleged violation of his Eighth Amendment rights. *Id.* at 2. Plaintiff filed a Motion to Remand (Rec. Doc. No. 4) with the Middle District of Louisiana on January 25, 2011. On June 6, 2011, the Honorable Judge Ralph E. Tyson denied the Motion to Remand (Rec. Doc. No. 24) and accepted Magistrate Judge Christine Noland's Report and Recommendation (Rec. Doc. No. 13) as that court's

---

[4] Plaintiff's alleged injury occurred on July 20, 2010.(Rec. Doc. No. 21 at 3). Plaintiff presented a time line for the treatment that he received at EHCC through his Medical Records. He states that on August 3, 2010, he was "forc[ed] back to work" by prison officials. *Id.* On his first day back at work, August, 4, 2010, he reported having pain resulting from heavy lifting. *Id.* at 2. On August 5, 2010, he asserts that he "could not walk without difficulty and he complained that the Ibuprofen was not working." *Id.* at 3. He made a similar complaint on August 8, 2010. *Id.* at 3. There was a note placed in Plaintiff's medical records on August 17, 2010 that he had not been "medically approved for work release." *Id.* at 2-3. He complained on September 20, 2010 that the treatment he had been given "did not improve his condition." *Id.* at 2. On October 11, 2010, Plaintiff reported his treatment to be inadequate and that, even though he had placed a "sick call" on September 20, 2010, no one had been to see him. *Id.* Finally, on October 28, 2010, he complained that he had put in "sick calls for over 2 months to no avail and that his pain was worsening." *Id.*

opinion.

Defendant filed its Motion to Dismiss (Rec. Doc. No. 7) on February 2, 2011. Plaintiff filed his Motion for Partial Summary Judgment (Rec. Doc. No. 15) on April 26, 2011. Defendant filed its Second Motion to Dismiss (Rec. Doc. No. 16) on May 17, 2011. Said motions are ripe for disposition.

## CONTENTIONS OF MOVANT

Defendant argues that Plaintiff failed to properly bring a claim under 42 U.S.C. § 1983 and the Eighth Amendment. (Rec. Doc. No. 7 at 1). After this lawsuit was removed to federal court because of a federal quest, Defendant filed a motion to dismiss for failure to state a federal cause of action. (Rec. Doc. No. 7-1 at 1). Specifically, Defendant argues that since there were no individuals named in the complaint, there is no "person" named as required by 42 U.S.C. § 1983 in order to receive relief. *Id.* at 7. Since the State cannot be a "person," there is no subject matter jurisdiction in the instant lawsuit. *Id.* Further, Defendant claims that Plaintiff failed to state a proper cause of action under the Eighth Amendment because it "does not allege any deliberate acts of indifference and/or intentional acts" enough to violate either his federal constitutional rights or state civil rights. *Id.* at 8.

In response to Plaintiff's Motion for Summary Judgment, Defendant claims that Plaintiff's motion must necessarily fail because it "clearly lacks any proper supporting competent summary

judgment evidence." (Rec. Doc. No. 17 at 5). Additionally, Defendant asserts that Plaintiff's claim must also fail as a matter of Louisiana negligence law. *Id.* at 6. Defendant states that Plaintiff cannot prove that the alleged conduct was the "cause-in-fact of his resulting harm," that there was an owed duty of care to Plaintiff, or that one of Defendant's employees breached a duty of care in regards to the Plaintiff. *Id.*

Lastly, Defendant claims that Plaintiff failed to timely and properly serve the DPS&C. (Rec. Doc. No. 16 at 1). Initial service in this case was made upon the Attorney General's Office on January 5, 2011. *Id.* at 2. Defendant asserts that there was improper service to the Louisiana Department of Public Safety and Corrections in the instant case and that the time limit has expired. *Id.* at 3.

## CONTENTIONS OF RESPONDENT

Plaintiff asserts that there is a proper cause of action as required by federal law. (Rec. Doc. No. 21 at 1). In support of this assertion, Plaintiff claims that the identity of the individual state employees are not presently known because there has been no opportunity for discovery. *Id.* at 2.

In his Motion for Partial Summary Judgment, Plaintiff represents that there are no "genuine issues of material fact," and so summary judgment on the issue of liability is proper in this matter. (Rec. Doc. No. 15 at 1). Plaintiff argues that since the

facts surrounding the injury cannot be disputed, "the Defendants are liable to the [sic] Mr. LeDee for his injuries due to their breach of a duty to provide a safe workplace and proper equipment, and to ensure that Mr. LeDee had access to complete medical care." (Rec. Doc. No. 15-1 at 1).

Finally, Plaintiff asserts that the service was "legally sufficient and to the extent it was in any manner defective, the Plaintiff has served the Secretary of the DPS&C" as required by Louisiana state law. (Rec. Doc. No. 22 at 2). Plaintiff further claims that "the State has sandbagged on the service defense waiting for the 120 days to run" before it filed their Second Motion. *Id.* at 1.

## LAW AND ANALYSIS

**A. Standard of Review**

**1. Lack of Subject Matter Jurisdiction: Fed. R. Civ. P. 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) permits suits to be dismissed when there is a "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). Lack of subject-matter jurisdiction may be found in three instances: (1) the complaint; (2) the complaint supplemented by undisputed facts supplied in the record; or (3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts. *Barrera-Montenegro v. United States*, 74 F.2d 657, 659 (5th Cir. 1996). The burden of proof rests with

the party asserting jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5 th Cir. 2001)(citing *McDaniel v. United States*, 899 F.Supp. 305, 307 (E.D. Tex. 1995).

When a court is presented with a 12(b)(1) motion in conjunction with another Rule 12 motion, the court should consider the 12(b)(1) motion first before addressing any motion on the merits of a case. *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5 th Cir. 1977)(per curiam). This prevents a court from prematurely dismissing a case with prejudice. *Id.* The court's dismissal based on Rule 12(b)(1) is not a determination on the merits of a lawsuit. *Id.* This dismissal does not prevent the plaintiff from pursuing the claim in a court with proper jurisdiction. *Id.*

## 2. Failure to State a Claim upon which Relief Can be Granted: Fed. R. Civ. P. 12(b)(6)

Under Rule 12(b)(6), a lawsuit may be dismissed when there is a "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Supreme Court requires "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility if the pleaded content permits a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1940, (2009)(citing *Twombly*, 550 U.S. at 556). The Court stated that when there are well-pleaded factual allegations, a

court should first assume their veracity and then should determine whether the allegations plausibly give rise to potential relief. *Id.* at 1948-51. When considering a motion to dismiss for failure to state a claim, the Fifth Circuit has found that a district court "must examine the complaint to determine whether the allegations provide relief on any possible theory." *Cinel v. Connick*, 15 F.3d 1338, 1341 (5 th Cir. 1994).

The facts are to be reviewed with all inferences being drawn in favor of the non-moving party. *McCallum Highlands, Ltd. v. Washington Capital DUS, Inc.*, 66 F.3d 89 (5th Cir. 1995). A plaintiff's complaint "is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Securities, Inc.*, 94 F.3d 189, 194 (5th Cir. 1996).

### 3. Summary Judgment: Fed. R. Civ. P. 56

Under Rule 56, summary judgment is proper only if the pleadings, depositions, answers to interrogatories, admissions on file, and any other documents on file show that there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(c). If there is no issue of material fact, the moving party is entitled to summary judgment as a matter of law. *Id.* The court is required to draw and inferences of fact in a light most favorable to the non-moving party. *Matsushita Elec. Indust. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A party opposing a properly supported

motion for summary judgment must set forth specific facts showing that there are genuine issues of material fact to be presented at trial. *See* Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 247-48 (1986). An issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. A fact is material if it has "some logical connection with the consequential facts" at issue in a lawsuit. BLACK'S LAW DICTIONARY PAGE NUMBER (9 th ed. 2009). The burden of persuasion shifts to the non-moving party if the moving party meets the burden of showing that there is no material fact in dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

### 4. Insufficient Process: Fed. R. Civ. P. 12(b)(4), Fed. R. Civ. P. 12(b)(5), and Fed. R. Civ. P. 4(m)

Rule 12(b)(4) permits a court to dismiss a complaint when the defendant alleges insufficient process under Rule 4 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(4). Similarly, Rule 12(b)(5) allows a claim to be dismissed when there has been insufficient service of process under Rule 4 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(5).

Rule 4 establishes the procedure for summons of an opposing party. Specifically, Rule 4(m) sets the time limit for service: "[i]f a defendant is not served within 120 days after the complaint is filed, the court-on motion or on its own after notice to the

plaintiff—must dismiss the action without prejudice." Fed. R. Civ. P. 4(m). However, if a plaintiff can show "good cause" for a failure to serve, "the court must extend the time for service for an appropriate period." *Id.* In the Fifth Circuit, analysis of a Rule 4(m) motion proceeds as follows:

> [W]hen a district court entertains a motion to extend time for service, it must first determine whether good cause exists. If good cause is present, the district court must extend time for service. If good cause does not exist, the court *may*, in its discretion, decide whether to dismiss the case without prejudice or extend time for service.

*Gartin v. Par Pharmeceutical Cos.*, 289 F. App'x 688, 692 (5th Cir. 2008)(quoting *Thompson v. Brown*, 91 F.3d 20, 21 (5 th Cir. 1996)). Good cause requires "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Id.* (quoting *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995)). A dismissal pursuant to Rule 4(m) is without prejudice against that defendant. Fed. R. Civ. P. 4(m).

**B. Defendant's Motion to Dismiss Original Petition for Damages As To Any Federal Claim Under the Civil Rights Act Pursuant to Fed. R. Civ. P. 12(b)(1) and (6)**

**1. Fed. R. Civ. P. 12(b)(1): Lack of Subject Matter Jurisdiction**

28 U.S.C § 1331 provides that the "district courts shall have original jurisdiction of all civil actions arising under the

Constitution, laws, or treaties of the United States." 28 U.S.C. §
1331 (2006). In the instant case, Plaintiff alleges state tort
claims against Defendant and "in the alternative and out of an
abundance of caution, the Plaintiff here asserts a violation of his
8th Amendment right to be free from cruel and unusual punishment
pursuant to 42 U.S.C. § 1983." (Rec. Doc. No. 1-1 at 4, ¶ 19).
Defendant removed this lawsuit "because a portion of the
plaintiff's claims arise under federal law," and there is subject
matter jurisdiction specifically 28 U.S.C. § 1331, 28 U.S.C. §
1441(b),[5] and 28 U.S.C. § 1443. (Rec. Doc. No. 1 at 2).

On April 12, 2011, the Magistrate Judge found that
"[p]laintiff clearly has raised an issue of federal law; therefore,
there is federal question subject matter jurisdiction over this
case" and denied Plaintiff's motion to remand the matter to state
court. (Rec. Doc. No. 13 at 3). It was specifically noted that

> A motion to dismiss plaintiff's federal claims
> is pending before the district judge (rec.
> doc. 7). If the district judge finds that
> plaintiff failed to properly plead his federal
> claims, resulting in dismissal of the federal
> claims and leaving only state law claims, the
> district judge has the discretion to decline
> to exercise jurisdiction over plaintiff's

---

[5] 28 U.S.C. § 1441(b) provides for removal of a cause of
action based on diversity jurisdiction. Since there is no diversity
jurisdiction readily visible in the instant case, the court will
give the Defendant the benefit of the doubt that they were
attempting to invoke 28 U.S.C. § 1441(a), which permits "any civil
action brought in a State court of which the district courts of the
United States have original jurisdiction" to be removed by the
defendants in a lawsuit. 28 U.S.C. § 1441(a) (2006).

state law claims under 28 U.S.C. § 1367(c)(3)
                    and to remand the state law claims.

*Id.* at 3 n.2. This court agrees with the Magistrate Judge's finding that there is subject matter jurisdiction for a federal court in the instant case.

## 2. Fed. R. Civ. P. 12(b)(6): Failure to State a Claim Upon Which Relief Can Be Granted

In the complaint, Plaintiff specifically alleged negligence claims against HUNT/DOC employees under Louisiana state law and "a violation of his 8th Amendment right to be free from cruel and unusual punishment pursuant to 42 U.S.C. § 1983." (Rec. Doc. No. 1-1 at 3 ¶ 17, 4 ¶ 19). He requests relief under 42 U.S.C. § 1988 and 28 U.S.C. § 1983.[6] Defendant claims that Plaintiff failed to state a legally cognizable claim pursuant to Rule 12(b)(6).

When examining a motion to dismiss a complaint, a court must first examine the complaint and assume that all allegations contained therein are true. *See, e.g., Lovick v. Ritemoney Ltd.,* 378 F.3d 433, 437 (5th Cir. 2004); *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002). However, a court may not rely upon conclusional allegations or legal conclusions disguised as factual

_____

        [6] Plaintiff requested "punitive damages pursuant to 28 U.S.C. § 1983, *et seq.*" in the Original Complaint. (Rec. Doc. No. 1-1 at 5 ¶ 20). Given that there is no such part of the United States Code, this Court gives the Plaintiff the benefit of the doubt that he was requesting relief under 42 U.S.C. § 1983, which permits such recovery upon a showing of a deprivation of rights. 28 U.S.C. § 1983 (2006).

allegations as true. *Lovick*, 378 F.3d at 437 (quoting *Jeanmarie v. United States*, 242 F.3d 600, 602-03 (5th Cir. 2001). Under Federal Rule of Civil Procedure Rule 8(a)(2), a complaint must only be "a short and plain statement of the claim showing that the pleader is entitled to relief," so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which is rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). In the Fifth Circuit, to successfully state a claim under § 1983, a "plaintiff must (1) allege a violation or rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Piotrowski v. City of Houston*, 51 F.3d 512, 515 (5 th Cir. 1995) (citing *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5 th Cir. 1994).

In the instant case, Defendant challenges the sufficiency of Plaintiff's claims under 42 U.S.C. § 1983 and the Eighth Amendment. § 1983 allows relief against "every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State. . . subjects, or cases to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and Laws." 42 U.S.C. § 1983 (2006). In the instant case, Plaintiff claims his Eighth Amendment right to be free from "cruel and unusual punishment" was violated while he was incarcerated at EHCC. (Rec. Doc. No. 1-1 at 4 ¶ 19).

Defendant "seeks dismissal of any federal claim brought against it under the federal civil rights act given that a State is not a 'person' as defined by that federal statutory scheme." (Rec. Doc. No. 7-1 at 7).

Federal law is clear that a State is not a "person acting under color of state law" regarding a claim for monetary relief brought under § 1983.[7] § 1983 was not intended to provide a federal forum for "litigants who seek a remedy against a State for alleged deprivation of civil liberties." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989). Such suits continue to be barred by the Eleventh Amendment unless a State has waived its immunity or Congress has overridden that authority specifically in the text of a statute. *See, e.g., id.; Welch v. Texas Dept. Of Highways and Public Transportation*, 483 U.S. 468, 472-473 (1987). Plaintiff only names the "State of Louisiana through Louisiana Department of Public Safety and Corrections, Elyan Hunt Correctional Center" as Defendants in the instant suit. (Rec. Doc. No. 1-1 at 2 ¶ 4). Therefore, there is not a proper party for the § 1983 suit to be brought against, at least as the complaint currently stands.

---

[7] This court may also have the right to dismiss this suit under the Prison Litigation Reform Act of 1995, which permits a complaint to be "because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief." *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b) (2006).

Plaintiff argues that the specific state actor(s) are not known at present because there has yet to be discovery in the instant case. (Rec. Doc. No. 21 at 2). Plaintiff claims that, according to the medical records, "it appears unidentified State employee(s) were forcing Mr. LeDee to work while he was in sever [sic] pain and while being denied adequate medical treatment." *Id.* at 3. Since discovery, if permitted, will likely lead to the identities of specific state actors, this objection by the Defendant is ripe.

However, negligence as claimed by the Plaintiff is not enough to get § 1983 recovery for a prisoner subjected to a negligent act by a State actor. *See, e.g., Tate v. Blackwell*, 475 F.2d 193 (5th Cir. 1973)(cert. denied May 29, 1973). *Tate* is analogous to the instant case. In *Tate*, Plaintiff was a prisoner who was injured while performing assigned duties at the prison. *Id.* The Fifth Circuit upheld the district court's granting of the defendant's motion for summary judgment, finding that there was "no connection between the defendant's alleged negligence and the deprivation of any of the plaintiff's constitutional rights." *Id.* at 193-94. Further, it is established law that negligent medical care does not constitute a proper § 1983 claim. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In *Farmer*, the Supreme Court held that prison officials "must provide humane conditions of confinement," which includes "adequate" medical care. *Id.* at 832. A prison official violates the Eighth Amendment only when the alleged deprivation is

"sufficiently serious"; that is, "a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's civilities." *Id.* at 834 (internal citations omitted). Second, the prison official must have demonstrable "deliberate indifference" to inmate health. *Id.* The Court found that there was deliberate indifference only when a prison official knew of and disregarded "an excessive risk to inmate health or safety." *Id.* An official must be aware of facts that lead to an inference that there was a substantial risk of serious harm to the inmate and must actually draw the inference in making a decision regarding treatment. *Id.* at 837.

In the instant case, Plaintiff's complaint does not meet the *Farmer* burden to establish a cognizable Eighth Amendment claim under § 1983. From the medical records, it appears that Plaintiff received "adequate" medical treatment for his injury while incarcerated at EHCC. (*See* Note 3, *supra*; Rec. Doc. No. 21 at 3). Even if the medical care was inadequate, Plaintiff makes no claims regarding culpability of the unnamed prison officials. While Plaintiff states that there was a "deliberate indifference on the part of the employer towards inmates," there are no specific facts alleged. (Rec. Doc. No. 1-1 at 4 ¶ 19). Given that a court may not rely upon allegations that merely state a conclusion or a legal conclusion disguised as a factual allegation as true for the purposes of summary judgment as true, Defendant's Motion for

Dismissal for Failure to State a Claim must be granted in the instant case, treating it also as a motion for summary judgment.

## C. Plaintiff's Motion for Partial Summary Judgment Under State Law is Inappropriate

Plaintiff alleges that, since "the facts herein may not genuinely be disputed," partial summary judgment on the matter of liability regarding his state law negligence claims should be granted in the instant case. (Rec. Doc. No. 15-1 at 1). Rule 56 permits summary judgment when there is "no genuine dispute as to any material fact." (Fed. R. Civ. P. 56). The Supreme Court has indicated that there is an issue for trial if there is "sufficient evidence favoring the non-moving party of a jury to return a verdict for that party." *See Anderson*, 477 U.S. at 249; *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253 (1968).

When a claim in a case arises under state law, the substantive law of that state will be applied to resolve the state law related issue. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78 (1938). In the instant matter, that law is Louisiana tort law. Plaintiff seeks a finding from this court that his "injuries and resulting injuries are due to the negligence of DOPS&C and EHCC." (Rec. Doc. No. 15-1 at 2). Plaintiff has not presented evidence to sustain a finding of summary judgment in tort; there are genuine issues

of material facts: the alleged negligence of DPS&C officials regarding Plaintiff's injuries. Each side has presented enough evidence that a jury could reasonably find for them. (*See, e.g.*, Rec. Doc. No. 15-1, Rec. Doc. No. 17). Therefore, Plaintiff's request for partial summary judgment on state law claims is inappropriate at the current time.

Under 28 U.S.C. § 1367, a district court may choose to decline supplemental jurisdiction over a claim when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3) (2006). In the instant case, since the claims under 42 U.S.C. § 1983 have been dismissed, there is no federal jurisdiction. However, there are issues of state law still to be addressed. Given that there are genuine issues of material fact regarding Plaintiff's negligence claims, it is proper to remand such claims only to the 18th Judicial District Court, Parish of Iberville.

## D. Defendant's Second Motion for Dismissal for Failed Service is Inappropriate because Improper Service has been Remedied by the Plaintiff

Defendant claimed that since Plaintiff had "failed to timely perfect proper service of process upon DPS&C within 120 days," dismissal under Federal Rules of Civil Procedure 12(b)(4),

12(b)(5), and 4(m) was appropriate in the instant case. (Rec. Doc. No. 16 at 1). These rules permit dismissal for insufficient process or insufficient service of process within 120 days of the complaint being filed.[8] Fed. R. Civ. P. 12(b)(4); *id.* 12(b)(5); *id.* 4(m). Defendant's specific allegation is Plaintiff's service, which was only against the Louisiana Attorney General, was legally defective for three reasons. (Rec. Doc. No. 16 at 3).

First, Defendant asserts that the Attorney General was not the proper agent for service of process for DPS&C. *Id.* Therefore, the service upon the Attorney General on January 5, 2011, had "no legal effect" because the he had no authority to accept legal process on behalf of the State of Louisiana through DPS&C. *Id.* Second, Defendant claims that the citation and petition "were not properly issued by the Clerk nor properly served upon the Secretary for DPS&C by the plaintiff." *Id.* Louisiana law requires that there is proper service made upon the head of the state agency being sued. See La. R.S. 13:5107. In the instant case, there was no service upon the Secretary for DPS&C. (Rec. Doc. No. 16 at 3). Finally, Defendant argues that the citation was legally defective because there was no service upon the Office of Risk Management, the Secretary for DPS&C, and the Attorney General. (Rec. Doc. No. 16 at 4). Louisiana law requires that "process shall be served upon the

---

[8]In the instant case, the complaint was originally filed on December 15, 2010. (Rec. Doc. No. 16 at 4). The 120-day deadline would have expired on April 14, 2011.

head of the department concerned, the office of risk management, and the attorney general" for any claims of money damages against a state agency. La. R.S. 39:1538.

Louisiana courts have held that service on the Office of the Governor, through the Office of the Attorney General, constitutes service on the Office of Risk Management. *Woods v. State, Department of Health and Hospitals*, 2008-0257 (La. App. 1st Cir. 6/6/08), 992 So. 2d 1050, 1056, *writ denied*, 2008-2426 (La. 12/19/08), 996 So.2d 1133. In *Woods*, the court found that "the Office of Risk Management was created within the Division of Administration, which is identified as a department under the Office of the Governor." *Id.* Since the Office of the Governor is served through the Attorney General, and there was no dispute that the Attorney General had been properly served, the Office of Risk Management has also been appropriately served in the instant case.

Louisiana law states that "the attorney general shall represent the state and all departments and agencies of state government in all litigation arising out of or involving tort or contract." La. R.S. 49:257. Given that, the Secretary of the Department of Corrections "shall perform his functions under the general control and supervision of the governor" and the Attorney General handles all claims against the Governor and the State. *See* La. R.S. 36:403. The prescription statutes in Louisiana law are "intended to protect defendants against stale claims and the lack

of notification within a prescriptive period." *In re Brewer*, 2005-0666, p.4 (La. App. 1 st Cir. 5/5/06), 934 So.2d 823, 826, *writ denied*, 2006-1290 (La. 9/15/06), 936 So.2d 1278. In the instant case, the caption indicated that the lawsuit was against the "State of Louisiana through Louisiana Department of Public Safety and Corrections, Elayn Hunt Correctional Center."[9] Improper service upon the Secretary of the Department would have been evident once service was perfected on the Attorney General (on December 15, 2010); however, the Defendant did not raise this motion until after the prescriptive period had expired. (Rec. Doc. No. 16 was filed on May 17, 2011). Additionally, since Defendant's motion was filed, Plaintiff "out of an abundance of caution reissued to the Secretary of the Dept of Public Safety & Corrections." (Rec. Doc. No. 22 at 5). Since improper service upon the Secretary has been corrected , and both the Office of Risk Management and the Attorney General were properly served in the instant case, Defendant's motion should be denied, without prejudice to later review by the state court on the remaining state law claims.

## CONCLUSION

Given Plaintiff's failure to present viable federal law claims under 42 U.S.C § 1983 and the Eighth Amendment, **IT**

---

[9] The original citation was issued as "Louisiana Department of Public Safety & Corrections / Office of Risk Management, through the Governor's Office through the Attorney General." (Rec. Doc. No. 22 at 2).

**IS ORDERED** that summary dismissal of all federal claims

for Damages is **GRANTED.** However, since there are genuine issues of

material fact still existing under Louisiana tort law, **IT IS**

**ORDERED** that Plaintiff's Motion for Partial Summary Judgment be

**DENIED** and the state law negligence claims be **REMANDED** to the 18th

Judicial Court, Parish of Iberville, pursuant to 28 U.S.C. § 1367

(c)(3). **IT IS ORDERED** that Defendant's second dismissal motion is

**DENIED.** However, the issue of improper service is subject to other

action and determination by the state court with jurisdiction.

New Orleans, Louisiana, this 28th day of February, 2012.

                                UNITED STATES DISTRICT JUDGE